IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | No. 14 C 00444 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| ERIK GUEVARA, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Erik Guevara has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, alleging that his Fifth and Sixth Amendment rights were violated because his indictment failed to specify an essential element of the offense that raised the mandatory minimum period of incarceration. The government opposes the motion. For the reasons described below, petitioner's motion is denied.

**BACKGROUND**

On November 3, 2010, petitioner was indicted for conspiracy to possess with intent to distribute and to distribute a controlled substance, namely, 1000 grams or more of mixtures and substances containing heroin, in violation of 21 U.S.C. § 846 (Count One), possessing with intent to distribute a controlled substance, namely 1000 grams or more of mixtures and substances containing heroin, in violation of 21 U.S.C. § 841(a)(1) (Count Two), and using a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony, in violation of 21 U.S.C. § 843(b) (Count Three). United States v. Guevara, 10 CR 931. On August 3, 2012, petitioner pleaded guilty to all three counts of the

indictment pursuant to a written plea declaration.[1] On January 18, 2013, this court sentenced petitioner to concurrent sentences of 360 months' imprisonment on Counts One and Two and 48 months' imprisonment on Count Three. The judgment was entered on the court's docket on January 25, 2013. Petitioner did not appeal his conviction or sentence.

## DISCUSSION

**A.     Legal Standards**

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, constitutional, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotations and citations omitted); Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (same). The record is reviewed and all reasonable inferences are drawn in favor of the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Messinger v. United States, 872 F.2d 217, 219 (7th Cir. 1989).

Section 2255 petitions are subject to various bars, including procedural default. The Seventh Circuit has noted that § 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on

---

[1] As the government points out in its response brief, petitioner incorrectly states in his motion that he pled guilty pursuant to a plea agreement. See docket entry 47 in case no. 10 CR 931.

direct appeal.  See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)).

**B.     Analysis**

Petitioner argues that his "guilty plea was induced unlawfully and made without understanding of the nature of the charge and consequences of the plea" because an "element of the offense" was not "specifically named and cited in the indictment," as required by Alleyne v. United States, 133 S.Ct. 2151 (2013).  Specifically, petitioner complains that the government failed to cite 21 U.S.C. § 841(b)(1)(A)(i) in Counts One and Two of the indictment, arguing that the subsection "constitutes an element of a crime as it defines the alleged fact intended to be punished."

The government first argues that petitioner's constitutional claim is procedurally defaulted because he failed to raise it on direct appeal.  As the government contends, a petitioner's failure to raise a constitutional challenge to a conviction on direct appeal bars him from raising the same issue in his § 2255 proceeding absent a showing of good cause for and prejudice from the procedural default.  See, e.g., Williams v. United States, 805 F.2d 1301, 1303 (7th Cir. 1986).  Here, however, petitioner argues that his claim is based on a constitutional right newly recognized in Alleyne.  Namely, that the facts supporting an enhanced statutory minimum penalty must be alleged in the indictment and found by a jury beyond a reasonable doubt. Alleyne, 133 S.Ct. at 2155, 2163.  Because petitioner's judgment and commitment was entered on the court's docket on January 25, 2013, and Alleyne was not decided until June 17, 2013, he could not have raised this claim on appeal.  Accordingly, his constitutional claim is not procedurally barred.

The government's next argument, however – that <u>Alleyne</u> is not retroactively applicable to cases on collateral review – is well-founded. As the Seventh Circuit held in <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013), the Supreme Court resolved <u>Alleyne</u> on direct rather than collateral review and has not declared that its new rule applies retroactively on collateral attack. Consequently, the new rule announced in <u>Alleyne</u> that only a jury can decide whether a defendant's conduct meets the requirements for a mandatory minimum sentence does not apply here.

Moreover, even if <u>Alleyne</u> did apply retroactively, petitioner's claim is still unavailing. As the government points out, while the indictment does not specifically cite subsection 21 U.S.C. § 841(b)(1)(A)(i), it does specify the drug (heroin) and drug quantity (1000 grams or more) that triggers the statutory mandatory minimum and maximum periods of incarceration. These facts, combined with citation to 21 U.S.C. § 841(a)(1), are sufficient to satisfy the requirement that the drug quantity be charged in the indictment, because each element of petitioner's charges are "present in context." <u>See, e.g.</u>, <u>United States v. Westmoreland</u>, 240 F.3d 618, 633 (7th Cir. 2001); <u>see also</u> <u>United States v. Smith</u>, 223 F.3d 554, 571 (7th Cir. 2000) ("It is not necessary to spell out each element, but each element must be present in context.").

## **CONCLUSION**

For the foregoing reasons, petitioner's § 2255 motion to vacate his conviction and sentence is denied.

**ENTER:** **June 2, 2015**

_____
**Robert W. Gettleman**
**United States District Judge**